UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-0117-EJL |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| RAFAEL L. BEIER, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendant Rafael Beier's Motion for Judgment of Acquittal and/or New Trial. The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion will be decided on the record before this Court without oral argument.

MEMORANDUM DECISION AND ORDER - 1

## FACTUAL AND PROCEDURAL BACKGROUND

The Fourth Superseding Indictment charged the Defendant with one count of Conspiracy to Dispense a Controlled Substance, sixty-six counts of Distribution of a Controlled Substance, and four counts of Distribution of a Controlled Substance to a Person Under the Age of Twenty-One. (Dkt. 73.) A seven-day jury trial was held and on May 17, 2016 the Jury returned a verdict of guilty on all of the charges presented to it. (Dkt. 112, 116.)[1] Following the verdict, the Court allowed Defendant's trial counsel to withdraw from the case. (Dkt. 127.) Newly retained defense counsel then appeared and filed the instant Motion which the Court takes up in this Order. (Dkt. 128, 139.)

## STANDARDS OF LAW

### 1.      Motion for Judgment of Acquittal - Rule 29

Motions for a judgment of acquittal are governed by Federal Rule of Criminal Procedure 29(c), which allows the court to set aside the verdict and enter a judgment of acquittal where, after viewing the evidence in the light most favorable to the prosecution, the court finds there is insufficient evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Yossunthorn*, 167 F.3d 1267 (9th Cir. 1999). The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the

---

[1] The Government dismissed counts 53, and 58-61 at trial. (Dkt. 108, 116, 119.)

MEMORANDUM DECISION AND ORDER - 2

government's case." *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (*en banc*). The "critical inquiry" is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

When making this inquiry, the Court is mindful that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

**2.      Motion for New Trial - Rule 33**

Motions for a New Trial are governed by Federal Rule of Criminal Procedure 33, which allows a court to grant a new trial "if the interests of justice so require." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). "A motion for a new trial is directed to the discretion of the district judge. It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal citations removed). The defendant has the burden to justify the need for a new trial. *United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986).

MEMORANDUM DECISION AND ORDER - 3

## DISCUSSION

**1.     Wharton's Rule**

Defendant argues the conspiracy charged in Count One should be vacated under Wharton's Rule. (Dkt. 140.) The Government counters that Wharton's Rule does not apply here. (Dkt. 145.) Defendant maintains the application of Wharton's Rule depends on the specific allegations and facts of a case and the circumstances in this case make it applicable. (Dkt. 147 at 2-3.)

Wharton's Rule states that "an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 R. Anderson, Wharton's Criminal Law & Procedure 191 (1957); *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989). The Rule is "a limited exception to the well-established principle that a conspiracy to commit a substantive offense and the substantive offense itself can constitute separate offenses." *United States v. Ohlson*, 552 F.2d 1347, 1349 (9th Cir. 1977) (citations omitted). "The classic Wharton's Rule offenses-adultery, incest, bigamy, duelling-are crimes that are characterized by the general congruence of the agreement and the completed substantive offense." *Iannelli v. United States*, 420 U.S. 770, 782 (1975); *United States v. Rueter*, 536 F.2d 296, 298 (9th Cir. 1976). This rule does not apply in cases where the substantive crime can be committed by a single person. *Iannelli*, 420 U.S. at 785; *Rueter*, 536 F.2d at 298.

MEMORANDUM DECISION AND ORDER - 4

Wharton's Rule does not apply to this case for two reasons. First, the Rule is an aid to statutory construction creating a judicial presumption where, in the absence of legislative intent to the contrary, the crime of conspiracy merges with the substantive offense. *Ohlson*, 552 F.2d at 1349-50 (discussing *Iannelli*, 420 U.S. at 780). The conspiracy count in this case, however, is charged under 21 U.S.C. § 846 which Congress intended to be a separate charge from the substantive offense. *See United States v. Wright*, 506 F.3d 1293, 1298 n. 4 (10th Cir. 2007) ("The conspiracy in this case was charged under 21 U.S.C. § 846, which supplements the general federal conspiracy statute and accordingly authorizes prosecution without the limitation imposed by Wharton's Rule.") (citations and quotations omitted). Second, the Rule applies only where the substantive offense necessarily requires the agreement of two persons. In this case, the conspiracy count charges an agreement to dispense and distribute controlled substances outside the usual course of professional practice and without a legitimate medical purpose. (Dkt. 73.) The substantive offense charges for distribution of a controlled substance, however, and do not require such an agreement. The crime of distribution can be committed by an individual. Therefore, Wharton's Rule is inapplicable to this case. *United States v. Kearney*, 560 F.2d 1358, 1367 (9th Cir. 1977); *see also Iannelli*, 420 U.S. at 785 (The focus of a Wharton's Rule analysis is on the statutory elements of the substantive offense charged rather than on the evidence offered to prove the charge.); *Rueter*, 536 F.2d at 298.

MEMORANDUM DECISION AND ORDER - 5

The Motion for New Trial or Judgment of Acquittal is denied on this basis.

## 2.      Jury Instructions

Defendant argues the Court erred by failing to *sua sponte* give a specific unanimity Jury Instruction to ensure the Jury's verdict was unanimous. (Dkt. 140.) The Government asserts the Court properly instructed the jury on unanimity. (Dkt. 145.)

Erroneous jury instructions, as well as the failure to give adequate instructions, are bases for a new trial. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). If a jury instruction is erroneous, the judgment should be reversed unless the error is more probably than not harmless. *Gulliford v. Pierce County*, 136 F.3d 1345, 1350 (9th Cir. 1998); *see also United States v. Dove*, 916 F.2d 41, 45 (2d Cir. 1990) (with regard to jury instructions, retrial is necessary only when the instruction given created an unfair trial and prejudiced the defendant.). In reviewing jury instructions, the Court must "consider whether the instructions--taken as a whole and viewed in context of the entire trial--were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process." *Gracie v. Gracie*, 217 F.3d 1060, (9th Cir. 2000) (citing *United States v. Warren*, 25 F.3d 890, 898 (9th Cir. 1994)).

Given the clarity of the Government's argument, the lack of complexity in the evidence, and the clear direction given in the jury instructions, the Court finds there is no genuine possibility of jury confusion in this case. *United States v. Lapier*, 796 F.3d 1090, 1097 (9th Cir. 2015). The Government's argument and the evidence presented at trial

MEMORANDUM DECISION AND ORDER - 6

were clear, definite, and straight forward. The evidence in this case overwhelmingly showed there was an intention and agreement between the Defendant and his coconspirators to accomplish a specific illegal objective; i.e., distributing controlled substances.

Moreover, the Jury Instructions contained both general and specific unanimity instructions. The Court generally instructed the Jury that its verdict must be unanimous in Instruction Number 42 stating: "Your verdict, whether guilty or not guilty, must be unanimous." (Dkt. 119, Instr. No. 42, at 50.) With regard to the conspiracy charge, the Court specifically instructed the Jury that they must "find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit." (Dkt. 119, Instr. No. 21, at 23.) To ensure the Jury properly considered whether the agreement required for a conspiracy was proven, a separate Jury Instruction was given that stated "[a] buyer-seller relationship between the Defendant and another person, standing alone, cannot support a conviction for conspiracy" and that "a conviction for conspiracy requires proof of an agreement to commit a crime beyond that of the mere sale." (Dkt. 119, Instr. No. 22, at 25.)

Based on the foregoing and the entire record in this case, the Court finds the Jury Instructions were correct and the Jury's verdict in this case was unanimous as to each of the required elements in each of the charges.

MEMORANDUM DECISION AND ORDER - 7

### 3.   New Trial on Substantive Counts

If the conspiracy conviction is vacated, the Defendant argues, the Court should vacate the convictions on the remaining substantive counts and order a new trial. (Dkt. 140 at 10-12.) The Government counters that the conspiracy conviction should not be vacated and, alternatively, if Count One is vacated, the substantive counts should remain. (Dkt. 145 at 8-9.)

As determined above, there is no basis for vacating the conspiracy conviction. Regardless, the Court denies the Motion as to the substantive charges. The evidence presented at trial supporting those convictions was overwhelming. The Government presented thirty-two witnesses. Many of these witnesses were the actual recipients of the prescriptions from the Defendant while others were the individuals in whose name the prescriptions were written but who had never met and did not know the Defendant.[2] Those witnesses who received prescriptions from the Defendant uniformly testified that the Defendant had supplied each of them with prescriptions for controlled substances – either hydrocodone, Adderall, or oxycodone – without a legitimate medical need and/or outside of the usual course and scope of the Defendant's professional practice. The Defendant gave the prescriptions to the witnesses in exchange for money or other favors.

---

[2] The prescriptions were sometimes written in the witness's name and other times written in another person's name.

MEMORANDUM DECISION AND ORDER - 8

These exchanges mostly occurred at locations outside of the Defendant's medical clinic. Additionally, the Government offered into evidence certain audio recordings, video recordings, and text messages of the Defendant discussing and/or providing the prescriptions to certain of the witnesses.

There is no doubt that the Jury would have convicted the Defendant on each of the substantive counts in this case based upon the evidence of the Defendant's own conduct that was presented at trial. The evidence clearly showed the Defendant's direct participation in the substantive crimes of distributing controlled substances. The convictions on the substantive crimes were not based on the acts of the coconspirators but, instead, were based upon the Defendant's own conduct. The jury instructions on the substantive counts directed the jury to find the Defendant guilty only if the evidence showed he personally committed the acts meeting each of the elements of the offense beyond a reasonable doubt. For these reasons, the Court denies the Motion as to the substantive counts.

**4.**     **Double Jeopardy Clause**

Defendant argues the § 841(a)(1) distribution charges in Counts 62, 63, 66, and 67 should be dismissed as they are lesser-included offenses to the § 859 distribution to a person under twenty-one charged in Counts 68-71. (Dkt. 140 at 12-13.) The Government concedes this point and argues the Court should vacate the convictions on the lesser-included charges-Counts 62, 63, 66, and 67-at sentencing. (Dkt. 145 at 11-12.)

MEMORANDUM DECISION AND ORDER - 9

The Court agrees that Counts 62, 63, 66, and 67 are lesser-included crimes to the charges in Counts 68-71 and, therefore, the convictions for Counts 62, 63, 66, and 67 will be vacated and not part of the punishment imposed at sentencing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion (Dkt. 139) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted as to the dismissal of Counts 62, 63, 66, and 67 and denied in all other respects.

DATED: December 12, 2016

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 10