UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL L. BEIER,<br><br>Defendant. | Case No. 2:14-cr-00117-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Rafael Beier's Motion to Reduce Sentence. Dkt. 227. The Government opposes the motion. Dkt. 231. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2016, a jury found Beier guilty of conspiring to distribute controlled substances, sixty-five individual counts of distribution of a controlled substance, and four counts of distribution to persons under twenty-one. The Court sentenced him to 192 months of incarceration.

Beier was a medical doctor who owned and operated a family medical practice. *PSR* at ¶ 19, Dkt. 200. After an extensive investigation and a controlled

buy, investigators arrested Beier for prescribing and selling controlled substances—primarily Oxycodone, Hydrocodone, and Adderall—to patients without a legitimate medical purpose. *Id.* at ¶ 6-115.

At the end of Beier's trial, he willfully failed to appear for the Return of Verdict. *See PSR* at ¶ 117. Beier went on to file a direct appeal, in which the Ninth Circuit affirmed both the conviction and sentence. Beier then filed a petition for a writ of *certiorari*, which the United States Supreme Court denied. In addition to his current motion to reduce his sentence, Beier has also filed a motion to vacate his conviction under 28 U.S.C. 2255.[1] Dkt. 237.

Beier has served approximately 60 months of his 192-month sentence. He is currently incarcerated at FCI Lompoc, which has no inmates and one staff member actively infected with COVID-19. https://www.bop.gov/coronavirus/ (last accessed April 5, 2021).

Beier is 67 years old. Dkt. 227 at 1. He suffers from hypertension, hyperlipidemia and has recently been diagnosed with stage 2 chronic kidney disease. *Id.* at 2; *Reply* at 5, Dkt. 233. Beier tested positive for COVID in May 2020 and has since recovered. Dkt. 232 at 122.

---

[1] The Court expresses no opinion on the § 2255 petition.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Beier seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Beier requested compassionate release from the Warden on October 22, 2020. Beier did not indicate whether the Warden responded to his request, but it appears he has exhausted his administrative remedies, and his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Beier's sentence. Beier

**MEMORANDUM DECISION AND ORDER - 3**

prescribed large amounts of highly addictive painkillers without a legitimate medical purpose, and in doing so, exposed many individuals to addiction "that is like a life sentence." *Sentencing Tr.*, Dkt. 213 at 46:25. The Court noted at sentencing that "the Court has to impose a sentence to not only punish, but deter others from like conduct so that their families do not suffer the consequences of bad judgment." *Id.* at 50:16-50:18. After considering all the relevant issues and factors, the Court determined that the lower-end sentence of 192 months was "sufficient but not greater than necessary considering [Beier] as an individual." *Id.* at 49:15-49:25.

The Court has considered post-incarceration developments and finds that the § 3553(a) factors support the Court's original sentence and that a sentence reduction is not warranted. Beier has continually failed to accept responsibility for his actions. *See PSR* at ¶ 119.

Further, the Court is not persuaded by the argument that because Beier's medical license has been revoked, he poses no risk to society. Beier has shown an ability and willingness to commit crimes that extend past his last conviction. *See PSR* at ¶ 9 (Defendant "created fake medical charts to cover for the illegal activity"). Moreover, Beier has a history of failing to show respect for the law. *See PSR* at ¶ 147, 148, 151, 152, 153, 154, 155, Dkt. 200. Lastly, although Beier has

**MEMORANDUM DECISION AND ORDER - 4**

served roughly five years, this is only one-third of his original sentence.

The Court recognizes the seriousness of Beier's health conditions, and the negative impact COVID-19 has had on his imprisonment. Yet, BOP is actively vaccinating inmates and President Biden recently announced that vaccine would be available to everyone by May.[2] https://www.bop.gov/coronavirus/ (last accessed April 5, 2021). Even if Beier's age and health conditions constitute extraordinary and compelling circumstances related to COVID-19, they do not outweigh the § 3553(a) factors. Accordingly, the Court will deny Beier's motion.

## ORDER

**IT IS ORDERED** that Rafael L. Beier's Motion to Reduce Sentence (Dkt. 227) is **DENIED**.

DATED: April 5, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[2] President Biden recently announced that all individuals will be eligible to receive a vaccine by May 1, 2021. *See* https://www.whitehouse.gov/briefing-room/statements-releases/2021/03/11/fact-sheet-president-biden-to-announce-all-americans-to-be-eligible-for-vaccinations-by-may-1-puts-the-nation-on-a-path-to-get-closer-to-normal-by-july-4th/ (last accessed March 17, 2021).