UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL L. BEIER,<br><br>Defendant. | Case No. 2:14-cr-00117-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Rafael Beier's Motion for Reconsideration of this Court's denial of his Motion to Reduce Sentence. Dkt. 249. The Government opposes the motion. Dkt. 250. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

The factual background of this case is more fully detailed in the Court's earlier Memorandum Decision and Order. Dkt. 247. It suffices to note that Beier, a former medical doctor, was convicted of 69 separate counts of distributing prescription opiates and amphetamines. After his 2016 trial, Beier failed to appear for the Return of Verdict (*See PSR* at ¶ 117), was sentenced to 192 months of

MEMORANDUM DECISION AND ORDER - 1

incarceration, and exhausted his appeals without success.

In late December, 2020, after five years in custody, Beier sought compassionate release. Dkt. 227. The Court denied the motion. Dkt. 247. Beier now seeks reconsideration, arguing intervening authority has changed the applicable legal standard and that the order was clearly erroneous. Dkt. 249.

## LEGAL STANDARD

Beier seeks reconsideration of the Court's denial of his compassionate release motion under 18 U.S.C. 3582(c)(1)(A). "A court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). There are five exceptions to the general rule: the first decision was clearly erroneous; an intervening change in the law occurred; the evidence is substantially different; other changed circumstances exist; or a manifest injustice would otherwise result. *Id.*

## ANALYSIS

Beier argues that the Court erred by (1) incorrectly considering the Sentencing Commission's policy statement §1B1.13 to be binding and (2) incorrectly sequencing the compassionate release analysis. Both arguments fail.

### A.   The Court Did Not Consider §1B1.13 Binding Authority

In its legal standard, the Court stated that any reduction in sentence must be

"consistent with applicable policy statements." Dkt. 247 (quoting 18 U.S.C. § 3582(c)(1)(A)). Beier suggests that this language indicates the Court considered § 1B1.13 binding. But, that is simply the language of the statute. In January 2021, this Court considered the issue of whether § 1B1.13 is binding when considering compassionate release motions brought by inmates. *U.S. v. Linares*, 2021 WL 27295 (D. Idaho Jan. 4, 2021). In *Linares*, this Court held that "§1B1.13 is persuasive, but not binding."

Consistent with *Linares*, this Court did not consider § 1B1.13 binding in its analysis of Beier's motion. Contrary to Beier's suggestion, nothing in the previous order suggests that this Court viewed §1B1.13 as binding and thus in conflict with the Ninth Circuit's recent decision in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

To the extent Beier reads the Courts discussion of his danger to the community as an embrace of § 1B1.13, he is wrong. Section 3553(a) also requires the Court to consider the need "to protect the public from further crimes of the defendant" in its sentencing determination. Here, while the Court considered all of the § 3553(a) factors, it devoted slightly more discussion to the danger Beier poses to the community.

**MEMORANDUM DECISION AND ORDER - 3**

### B.     Sequencing of Sentence Reduction Analysis

Beier argues that the Court erred by listing its § 3553(a) analysis before considering his extraordinary and compelling circumstances, to the extent they exist. Beier argues that courts must structure the § 3582(c)(1)(A) analysis in a precise order – first, extraordinary and compelling circumstances, followed by applicable policy statements, then §3553 (a) factors.

Beier relies on *U.S. v. McGee*, 992 F.3d 1035 (10th Cir. 2021) and *U.S. v. Jones*, 980 F.3d 1098 (6th Cir. 2020) to stand for the proposition that Courts must conduct the § 3582(c)(1)(A) analysis in a particular order and consider all three factors listed in the statute.[1] But, as both the Sixth Circuit and Tenth Circuit have recognized, "district courts may deny compassionate-release motions when any of the three prerequisites listed in §3582(c)(1)(A)"—including the factors set forth §3553(a)—"is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). It is only when a district court grants compassionate release that it must find all three prerequisites listed in § 3582(c)(1)(A) support release. *Id*.

---

[1] The Court recognizes that, because § 1B1.13 is not an "applicable policy statement," there are no "applicable policy statements" at this time. Thus, there are really only two steps – extraordinary and compelling circumstances and the § 3553(a) factors.

**MEMORANDUM DECISION AND ORDER - 4**

In its previous order, this Court did consider Beier's underlying health conditions in relation to the COVID-19 pandemic. While not in exacting order, the Court also considered Beier's health conditions as they related to the § 3553(a) analysis but found that they do not warrant release when considered in context. While Beier would prefer a hyper technical listing of the § 3582(c)(1)(A) factors, the outcome would be the same—his motion would be denied.

Finally, to the extent Beier suggests that once he has demonstrated extraordinary and compelling circumstances, it becomes the Government's burden to show the § 3553(a) factors do not support release, he is mistaken. Beier relies on *United States v. Greene*, 2021 WL 354446, at *16 (D.D.C. Feb. 2, 2021), which suggests that when a defendant has shown extraordinary and compelling circumstances there is a presumption in favor of release. But, as the Ninth Circuit has recognized, a "presumption" does not shift the burden of persuasion or proof and lacks "independent legal effect." *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). Further, neither side has a burden to prove that the § 3553(a) factors either do or do not warrant release, instead it is the court's duty to independently consider whether the applicable § 3553(a) factors warrant a reduction in the defendant's sentence. 18 U.S.C. § 3582(c)(1).

**MEMORANDUM DECISION AND ORDER - 5**

In this case, even assuming Beier's health conditions guarantee a slow painful demise from COVID complications, the § 3553(a) factors do not warrant release. Beier, a medical doctor, exploited the trust and power his community bestowed upon him. He preyed upon society's most vulnerable: the young, the rudderless, the addicted. *PSR* at ¶ 28, 111. He did so to benefit one man: Rafael Beier. His family has renounced his conduct; to them, his actions are unrecognizable. *PSR* at ¶ 168. He has never accepted responsibility. *PSR* at ¶ 9, 119, 143.

Given such conduct, the § 3553(a) factors weigh heavily against release. The nature of the offense, characteristics of the defendant, and the need for the sentence imposed all justify further incarceration.

## ORDER

**IT IS ORDERED** that Rafael L. Beier's Motion for Reconsideration (Dkt. 247) is DENIED.

DATED: July 23, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**