UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAFAEL L. BEIER,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 2:21-cv-00064-DCN<br>　　　　2:14-cr-00117-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Petitioner Rafael Leonhard Wolfgang Beier's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1.[1] The Government filed a Response to Beier's Motion. Dkt. 7. Beier filed a reply. Dkt. 11.

For the reasons outlined below, the Court finds good cause to DENY the motion.

## II. BACKGROUND

The factual background of this case is fully detailed in the Court's Memorandum Decision and Order from April 5, 2021. CR–117, Dkt. 247. Beier, a former medical doctor, was convicted of over sixty separate counts of distributing prescription opiates and amphetamines. CR–117, Dkt. 252, at 1. After his 2016 trial, Beier failed to appear for the Return of Verdict, was sentenced to 192 months of incarceration, and exhausted his appeals without success.

---

[1] In this Order, "CR–117" is used when citing to Beier's criminal case record in 2:14-cr-00117-DCN-1. All other docket citations are to the record in the instant civil case.

MEMORANDUM DECISION AND ORDER-1

After his trial but before sentencing, the Court granted Beier a post-trial competency hearing, which lasted two days. CR-117, Dkt. 166. Beier claimed that he was not competent to stand trial due to a brain injury that occurred as a result from a car crash in 1996. *See* CR-117, Dkt. 164-1. The Court appointed a forensic unit psychologist, Dr. Cynthia Low, to evaluate Beier for mental competency. CR-117, Dkt. 172, at 1. At the competency hearing, the Government called Dr. Low along with Dr. Craig Panos, an expert in brain injury, and offered into evidence the findings of three other experts who examined Beier. Dkts. 3-1; 3-2. The defense called Dr. Richard Adler, a forensic psychiatrist; Dr. Andrew Newberg, a brain imaging expert; and Dr. Craig Beaver, a clinical neuropsychologist; and offered into evidence the findings of two other experts who examined Beier. *Id.* The defense also called two of Beier sons and Yanhua Gao, Beier's wife at the time, to testify about the effects of Beier's 1996 car crash and other additional head injuries that Beier sustained after 1996. Dkt. 3-1. The exhaustive evidence focused on Beier's mental state and the physical and mental effects of the car accident in 1996, and the interaction between the two. *See* Dkts. 3-1;3-2.

The competency hearing concluded on July 27, 2017. Dkt. 3, at 1. The Court deemed Beier competent to stand trial on October 26, 2017. CR-117, Dkt. 194. Thus, the Court found no reason to retry Beier or deem his criminal trial a mistrial.

On February 6, 2021, Beier filed the instant motion seeking to vacate, set aside, or correct his sentence on two grounds of ineffective assistance of counsel. Dkt. 1. First, Beier asserts his trial counsel failed to investigate mental health defenses in violation of the Sixth Amendment. *Id.* at 4. Second, he claims trial counsel failed to properly explain the

MEMORANDUM DECISION AND ORDER-2

sentencing guideline ranges and failed to advise Beier to accept a plea agreement. *Id.* at 5.

### III. TIMELINESS OF PETITION

Under the applicable statute of limitations, a § 2255 motion must be brought within one year after a judgment of conviction becomes final unless the motion has been statutorily tolled according to 28 U.S.C. § 2255(f)(2)–(4). A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (cleaned up). Beier's § 2255 petition was filed on February 6, 2021—less than one year after his judgment became final on February 24, 2020—and is thus timely. *See generally* Dkt. 1; CR–117, Dkt. 258.

### IV. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled

MEMORANDUM DECISION AND ORDER-3

to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## V. ANALYSIS

Beier claims ineffective assistance of counsel via § 2255 on two separate grounds: (1) counsel failed to raise a mental defect or insanity defense, and (2) counsel failed to explain or advise him to accept a plea agreement.

As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562

U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[2] Therefore, Beier must satisfy both prongs of "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland*, 466 U.S. at 687–90); *see also Lee v. United States*, 137 S. Ct. 1958, 1964–67 (2017). To establish ineffective assistance under that test, Beier bears the burden of proof to show (1) that his counsel's advice was not "'within the range of competence demanded of attorneys in criminal cases,'" *Hill*, 474 U.S. at 56–59 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[3]

The first element "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* If either prong of the *Strickland* test is not satisfied, "it cannot be said that the conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Thus, a claim of ineffective assistance of counsel may be rejected on either the deficiency or prejudice prong, and a court need not address both. *See United States v. Thomas*, 417 F.3d

---

[2] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

[3] A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

1053, 1056 (9th Cir. 2005).

The *Strickland* standard is "highly demanding" and requires the petitioner to prove that his attorney's performance amounted to "gross incompetence." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Because "it is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence" and "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," judicial scrutiny of counsel's performance "must be highly deferential." *Strickland*, 466 U.S. at 689. When assessing an ineffective assistance of counsel claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

### A. Ineffective Assistance of Counsel for Failing to Investigate Mental Health Defenses Prior to Trial

Beier claims that he had a mental-health defect that affected the *mens rea* element of his crimes and that counsel was ineffective for not seeking a psychological evaluation or otherwise investigating the issue. Beier asserts that there is ample record evidence of these problems but fails to consider the overwhelming evidence to the contrary, which including the testimony of both the Government's expert in psychology and the Court's own expert during Beier's competency hearing.

"Trial counsel has a duty to investigate a defendant's mental state if there is evidence

to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003). Even if defense counsel does not ask for one, "a trial judge must conduct a competency hearing whenever the evidence before him raises a bona fide doubt about the defendant's competence to stand trial." *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir. 2001).

In this case, Beier alleges that trial counsel admitted that he may have made a mistake by not seeking a competency evaluation for Beier prior to trial in an interview noted by Dr. Adler. Dkt. 1, at 13. However, the Court finds this allegation unpersuasive, not only because the statement allegedly made by trial counsel is unsupported hearsay, but because the Court held a two-day competency hearing after the trial where Beier failed to show that he lacked competency to stand trial and aid in his defense.[4] Although Beier may have shown enough evidence to support the potential for a mild brain injury more than a decade before committing his crimes, that was insufficient to show incompetency to stand trial or mental defect such that he was not responsible for his actions.

Further, the Ninth Circuit has already conclusively found that a mental defect defense would not have changed the outcome of trial. *United States v. Beier*, 780 Fed. App'x 460, 462 (9th Cir. 2019) ("[B]ecause the district court found [Beier] competent and rejected his insanity and diminished capacity arguments, the evidence [of a traumatic brain

---

[4] In other words, any pre-trial failure by counsel to claim defendant was incompetent to stand trial was resolved when the Court held a post-trial/pre-sentencing hearing on competency. If the Court had found defendant incompetent at that time, it could have declared the trial a mistrial without sentencing him. Defendant makes no attempt to show that his competency changed between the time of trial and the time of the competency hearing.

MEMORANDUM DECISION AND ORDER-7

injury], even if new, did not indicate that [Beier] would probably be acquitted in a new trial."). This alone is sufficient to deny this ineffective assistance of counsel claim for lack of prejudicial effect.

The issue of Beier's potential mental defect or insanity defense was conclusively addressed by this Court and decided after a two-day competency hearing. Beier was deemed competent with only the potential of a mild neuro cognitive disorder, but no clear diagnosis of this disorder. *See* Dkt. 3-2, at 17–18.

Beier's capacity to stand trial and evidence of sanity were attested to by both the Court's appointed expert witness, Dr. Cynthia Low, and the Government's seven other expert witnesses. Dkt. 7, at 8. Although the defense expert witnesses disagreed with both Dr. Low and the Government's expert witnesses, the Court found Dr. Low to be the most credible witness because she spent the most time with Beier in a clinical role, and her "explanation and reasoning" were more complete than the defense experts who demonstrated "result oriented bias" during the hearing. Dkt. 7-5, at 7, 9–11.

Accordingly, due to the lack of a severe mental-health defect and the lack of diminished capacity as an appropriate defense, counsel made a reasonable strategic decision in not pursuing any capacity issues further and focusing instead on other tactics. *Cf. Williams v. Woodford*, 384 F.3d 567, 612 (9th Cir. 2004). Beier has not carried his burden of proving deficient performance or prejudice, and his claim for ineffective assistance of counsel necessarily fails.

MEMORANDUM DECISION AND ORDER-8

Beier insists that an evidentiary hearing is necessary under *Burrows*.[5] Significant in *Burrows*, the defendant had a history of mental health issues and had been hospitalized for such, but there was no competency evaluation or hearing to determine any mental health issues and there was little evidence in the trial court's record regarding his mental health issues.[6] In the instant case, there was an evaluation and an extensive competency hearing. *See* Dkt. 3. Thus, an evidentiary hearing would not supply new facts for the Court's determination. Therefore, the filings here are sufficient because they supply all the facts the Court needs to address Beier's claims about his competency and mental defect defenses. This satisfies the requirement of § 2255 stating that the Court does not need to have an evidentiary hearing if ". . . the motions and files and records of the case conclusively show that a prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**B. Ineffective Assistance of Counsel for Failing to Explain the Sentencing Guidelines and Failing to Advise Defendant to Plea**

The right to effective assistance of counsel does attach to a defendant's presentencing attempts to cooperate with the government. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). And the defendant must have the final decision regarding acceptance or denial of a plea deal. *United States v. Blaylock*, 20 F.3d 1458, 1466 (9th Cir. 1994). However, according to the second prong of the *Strickland* test, the defendant also "must show that there is a reasonable probability that 'but for counsel's unprofessional

---

[5] *United States v. Burrows*, 872 F.2d 915 (9th Cir. 1989).

[6] *Id.,* at 916-17.

MEMORANDUM DECISION AND ORDER-9

errors, the result would have been different.'" *Id.* (citing *Strickland*, 466 U.S. at 694).

Here, Beier asserts that his trial counsel was ineffective for failing to explain and advise to accept a beneficial plea offer sent by the Government to settle his case on October 27, 2014. Dkt. 1, at 16. Beier admits his trial counsel emailed and faxed that plea offer to him. Dkt. 1-1, at 21. In the email and fax containing the plea offer, trial counsel also sent Beier the deadline for the decision, sentencing guidelines, and an outline of the Government's evidence. Dkt. 1, at 16–17. Beier alleges that he did not review the offer upon receipt, did not know the sentencing guidelines, and did not have an idea that this would be an advantageous offer for him, however that cannot be true considering the text of the email Beier himself used as evidence. This is the sort of conclusory allegation, which is insufficient to require a hearing or to warrant relief under § 2255. *See Hearst*, 638 F.2d at 1194; *James*, 24 F.3d 20 at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

The October 2014 email also discusses that Beier had rejected a prior plea offer that was even more favorable, which also led the government "to do additional investigation and interview and identify additional people," ultimately adding to Beier's charges. *Id.* The Government includes a separate email communication between Beier's trial counsel and the prosecuting attorney in its response brief, which discusses plea agreement options and Beier's "outright rejection of [the Government's] many overtures to settle the case." Dkt. 7-4. This email dated January 15, 2016, came more than a year after the plea offer Beier relies on in his motion. In the January 2016 email, trial counsel also said he "plan[ned] a long sit-down with Rafael, soon, and while [he didn't] expect things to change, it [would]

MEMORANDUM DECISION AND ORDER-10

be one last chance to confirm or eliminate the chance of resolving the case short of trial." *Id.* A defendant cannot, after the fact of trial, decide that he then wants to accept a previous (and expired) plea offer because he was unsuccessful at trial—that is always a risk of going to trial.

Because trial counsel sent the October 2014 plea offer to Beier, both by email and by fax, clearly outlining the options that Beier faced, trial counsel fulfilled his burden of informing Beier of the plea agreement and his options. Beier was not left in the dark by his counsel who tried to reach him concerning the matter. Trial counsel's actions demonstrate a reasonable course of actions when trying to reach Beier, and thus there is no evidence of ineffective assistance of counsel.

Additionally, even if trial counsel had not communicated the plea deal clearly with Beier, it is not likely that, but for the miscommunication, the outcome would have been different. It is not reasonably probable that Beier would have accepted the plea deal offered on October 24, 2014. The belief from both his trial counsel and the prosecutor that offering a plea deal to Beier was a futile endeavor was reasonable because he previously rejected multiple plea offers, Beier had a difficult disposition to work with, and Beier maintained the opinion that he was in no way culpable for his actions.

In conclusion, the Court DENIES Beier's ineffective assistance of counsel claims.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

MEMORANDUM DECISION AND ORDER-11

28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Beier has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Beier wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Beier's conviction or sentence. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the motion is DENIED.

## VII. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

    a. Beier's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1) is DENIED.

b. The Court finds there is no need for an evidentiary hearing.

c. No certificate of appealability shall issue. Beier is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

d. If Beier files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: May 25, 2022

David C. Nye
Chief U.S. District Court Judge